IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Gabriel Rodriguez-Valenzuela,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>　　　　　　Respondents. | No. CV-23-00055-TUC-RCC<br><br>**ORDER** |

On June 28, 2024, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") in which he recommended the Court dismiss Petitioner Jesus Gabriel Rodriguez-Valenzuela's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1.) Petitioner filed an objection to the R&R (Doc. 17), and Respondents a response (Doc. 22). Upon review, the Court will adopt the R&R and dismiss Petitioner's § 2254 Habeas Petition.

## I.   *Standard of Review*

The standard of review of a magistrate judge's R&R is dependent upon whether a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II.   Rodriguez-Valenzuela's Objections

Petitioner objects to the Magistrate Judge's findings regarding Ground Two of his Petition, which alleges ineffective assistance of counsel during the plea process. (Doc. 17.) Petitioner argues that his counsel failed to ensure he understood the ramifications and benefits of the plea offers, and that this failure constituted ineffective assistance. Petitioner did not object to the Magistrate Judge's recommendations regarding Grounds One, Three, and Four, which were found to be non-cognizable and procedurally defaulted.

## III.   Analysis

Petitioner's objections focus on the alleged deficiency of his counsel's performance during plea negotiations, stating that had counsel been effective, he would have taken one of two offered plea agreements. The Magistrate Judge applied the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984), requiring a showing of both deficient performance and resulting prejudice. The Magistrate Judge found that Petitioner failed to demonstrate prejudice, as the sentencing court stated that Petitioner would not have received a less severe sentence had he accepted either plea offer.

Petitioner now argues that his counsel's performance was deficient, but this argument is irrelevant to the R&R's finding of no prejudice. Petitioner's sentencing judge, Deborah Bernini, stated, "[a]s the sentencing judge, the Court can state that [Rodriguez-Valenzuela] would not have received a less severe sentence had he accepted either plea." (Doc. 12-2 at 33.) The Magistrate Judge correctly noted that without a showing of prejudice, the claim of ineffective assistance fails under *Strickland*. Furthermore, Petitioner's assertion that the R&R erred by relying on the alleged insufficiency of his affidavit is misplaced, as the R&R's determination was based on the

lack of prejudice, not the affidavit's detail.

Petitioner also argues that he was prejudiced by the additional charges related to a fourth drug transaction. However, this argument was not clearly raised in his original Petition and is not exhausted in state court proceedings. The R&R appropriately declined to consider this new argument.

Finally, Petitioner objects to the denial of an evidentiary hearing. The R&R found that Petitioner did not meet the requirements of 28 U.S.C. § 2254(e)(2) for an evidentiary hearing, as he failed to show that such a hearing would change the outcome given the lack of demonstrated prejudice. This conclusion was not in error.

In conclusion, the Court agrees with the Magistrate Judge's analysis and conclusions as to Grounds One, Three, and Four—these grounds are non-cognizable and procedurally defaulted. Petitioner's objections to Ground Two do not warrant a different outcome, as he has not demonstrated the requisite prejudice under *Strickland*.

Accordingly, IT IS ORDERED:

1) Magistrate Judge Eric J. Markovich's Report and Recommendation is ADOPTED. (Doc. 16.)
2) Jesus Gabriel Rodriguez-Valenzuela's Petition for Writ of Habeas Corpus is DENIED WITH PREJUDICE. (Doc. 1.)
3) The Court finds that jurists of reason would not debate whether the district court was correct in its procedural rulings. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court will not issue a COA.
4) The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 7th day of February, 2025.

_____
Honorable Raner C. Collins
Senior United States District Judge